JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Mark Perdue, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, appellant was charged in an eight-count indictment with kidnapping, a violation of R.C. 2905.01(A)(2), a felony of the first degree; three counts of rape, a violation of R.C.2907.02(A)(1), a felony of the first degree; felonious assault, a violation of R.C. 2903.11(A)(1), a felony of the second degree; domestic violence, a violation of R.C. 2919.25, a felony of the fourth degree; attempted murder, a violation of R.C. 2903.02(A), a felony of the first degree; and grand theft motor vehicle, a violation of R.C. 2913.02, a felony of the fourth degree.
 {¶ 3} Appellant was arraigned on the charges on November 29, 2005, at which time he entered a not guilty plea. Trial commenced on August 15, 2006, and the state moved to amend the rape charge in count three to gross sexual imposition, a violation of R.C. 2907.05(A)(1), a felony of the fourth degree. Appellant made a Rule 29 motion for acquittal at the close of the state's case, and that motion was granted as to count seven, attempted murder, and count eight, grand theft motor vehicle.
 {¶ 4} Appellant renewed his motion for acquittal at the close of the defense, and the motion was denied. The jury deliberated, and appellant was found guilty of *Page 4 
all counts. On September 26, 2006, appellant was declared a sexually oriented offender under R.C. 2950.09. On that same date appellant was sentenced to nine years on the felony counts (counts one, two, and four), to run concurrently; 12 months on the gross sexual imposition, felony four (count three) to run consecutive to the nine years; five years on the felonious assault (count five); and 12 months on the domestic violence (count six). Counts five and six were to run concurrently with each other and consecutive to count three, the total aggregate sentence being 15 years. Appellant now appeals his conviction.
 {¶ 5} The victim in this case, M.M., was a 26-year-old mother of two children at the time of trial. She worked for a group of attorneys in downtown Cleveland as a paralegal while attending school at Cuyahoga Community College. She took her children to daycare on the days she worked. Appellant and the victim got into an argument about some t-shirts that the victim was supposed to get for appellant's rap concert at home. The argument escalated, and appellant beat the victim and forced her to have sex with him.
 II. {¶ 6} First assignment of error: "Appellant's conviction is based on insufficient evidence."
 {¶ 7} Second assignment of error: "Appellant's conviction is against the manifest weight of the evidence."
 III. *Page 5 {¶ 8} Because of the substantial interrelation between appellant's two assignments of error, we shall address them together below. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 9} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against *Page 6 
the weight of the evidence, the appellate court sits as a thirteenth juror and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 10} As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient.State v. Issa, 93 Ohio St.3d 49, 67, 2001-Ohio-290, 752 N.E.2d 904; see, also, State v. Thompkins, supra.
 {¶ 11} The proper test to be used when addressing the issue of manifest weight of the evidence is set forth as follows:
 "Here, the test [for manifest weight] is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *"
State v. Moore, Cuyahoga App. No. 81876, p. 8, 2003-Ohio-3526, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175, 20 Ohio B. 215,485 N.E.2d 717; see, also, Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211, 72 L.Ed.2d 652.
 {¶ 12} The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. Moore at p. 8, citing State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. Moore at p. 8, citing Martin.
 {¶ 13} It is with the above standards in mind that we now address appellant's assignments of error. In the case at bar, there is nothing in the record to suggest *Page 7 
that the trial court clearly lost its way and created such a miscarriage of justice as to require reversal of appellant's conviction.
 {¶ 14} To the contrary, the evidence in the record demonstrates appellant's involvement in the crimes in question. Appellant admitted that he and the victim argued.[1] Appellant also admitted that there was an argument over t-shirts for his concert at home, and that this argument escalated.[2] Appellant also admitted to pushing the victim onto the couch and hitting her three or four times in the eye.[3]
Appellant also stated that he smacked the victim in the bathroom.[4]
He also admitted that he caused the injuries on all of the photographs, and he was the reason she went to the hospital the next day.[5]
Appellant further admitted that his assault on the victim is what caused the damage to the floor below the couch leg.[6]
 {¶ 15} Substantial testimony from state witnesses, Marlana Harris, Douglas Balogh, Melissa Zielaskiewicz, Angela Deditch, Georgia Hussein, and the victim demonstrates further support for the lower court's decision. *Page 8 
 {¶ 16} In addition to the testimony presented, the State of Ohio put over 30 pictures demonstrating the extent of injuries into evidence. The state also submitted evidence from forensic scientist Melissa Zielaskiewicz and MetroHealth emergency department medical records.
 {¶ 17} Based on the evidence presented at the trial court, as well as the lower court's complete and accurate review of that evidence, we find appellant's assignments of error to be without merit. Appellant's convictions are not against the manifest weight of the evidence, and we find the evidence to be sufficient to support the conviction.
 {¶ 18} Appellant's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR
[1] Tr. 701.
[2] Tr. 703.
[3] Tr. 704, 729.
[4] Tr. 704.
[5] Tr. 743.
[6] Tr. 744. *Page 1